————o○o————



CLARE *v.* CLARE.

Where the February-term of the court was commenced under an act in force at the time; and where a new act took effect on the third day of the term, changing the time of holding the court; held, that a decree rendered at that term of court, after the new act took effect, is valid.

*Error to Marion District Court.*

*Opinion by* GREENE, J. This was a proceeding for divorce, and alimony, tried at the February term of the Marion district court. It is objected that the decree was rendered after the term of court, and is therefore void.

It appears that the term was commenced on the first Monday, the 7th day of February, by authority of law then in force, giving one week to Marion county. On the third day of the term, February 9, 1853, an act took effect fixing the time of holding court in Marion county, on the second Mondays of April and September. As this act took effect on the 9th of February, it is claimed that the term of court under the old law could not continue after that day, and as the decree was rendered February 10, it was from and after the time expired.

We cannot consider this view tenable. The February term was authorized by the old law. It was commenced while that law was in full force, and the court was held at least two days before the new law took effect. The new law affected no change or abatement of any term *commenced* under the old law. A term legally commencd could be continued to its close in the absence of any law to the contrary. The new law did not repeal the old; it only changed the time of holding court. It could produce no such change till after it took effect. This change did not interfere with or encroach upon the term previously commenced. It only authorized other terms to be held in April and September of that year.

We do not deem the authority, relied on by appellant's counsel as applicable. It is true that decisions, made after the last day of a term, or on a day when the same court is appointed by law to be held in another county, are *coram non judicie.* But the present decision was not so made.

* Judgment affirmed.

*S. W. Summers,* for appellant.

*Slagle* and *Acheson,* for appellee.